**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

```
KATHERINE PAMPENA,            )
                              )
              Plaintiff,      )    Civil Action No. 05-567
                              )
      v.                      )    Judge Cercone
                              )    Magistrate Judge Caiazza
JO ANNE B. BARNHART,          )
Commissioner of Social        )
Security,                     )
                              )
              Defendant.      )
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

The Plaintiff's Motion for Summary Judgment (Doc. 8) should be granted, the Defendant's Motion (Doc. 10) denied, and this case remanded for further administrative proceedings.

### II.   REPORT

The Plaintiff Katherine Pampena ("Ms. Pampena" or "the Claimant") challenges the Defendant's denial of disability insurance benefits ("DIB"). *See generally* Pl.'s Br. (Doc. 9) at 1.

The Claimant's application for supplemental security income ("SSI") has been granted, and she has been deemed disabled as of July 1, 2003. *See generally* ALJ's Decision, R. at 15 n.1. Ms. Pampena acquired DIB coverage through December 31, 2002, so the question is whether she was disabled as of that date. *See id.*, R. at 16.

In finding the Claimant disabled, the Administration relied on the report of consultative examiner Ryon Hurh, M.D.  *See* favorable decision regarding SSI, R. at 45.  Dr. Hurh opined that, as of July 2003, Ms. Pampena could lift or carry no more than ten pounds occasionally, she could stand or walk four hours in an eight hour workday, and she was limited in her ability to push and pull and to maneuver posturally.  *See* Dr. Hurh's Rpt., R. at 126-27.

In concluding the Claimant was not disabled on or before December 2002, the ALJ found that Ms. Pampena was then capable of a "full range of light work."  *See generally* ALJ's Decision, R. at 19.  While acknowledging this conclusion was at odds with the RFC evaluation of Dr. Hurh, the ALJ discounted said physician's opinions as inconsistent with the report of a non-examining SSA physician dated October 7, 2003.  *See id.* at 18; *see also* non-examining physician's rpt., R. at 131-36 (providing "current evaluation" of Claimant's RFC in Oct. 2003).  The ALJ also concluded that the "light work" assessment was consistent with Ms. Pampena's activities of daily living prior to December 2002.  *See* ALJ's Decision, R. at 18 ("prior to the expiration of her insured status, [the Claimant] resided alone, independently cared for her personal needs, and . . . worked on a part-time

basis").[1]

What the ALJ has failed to identify, however, is medical evidence establishing that the Claimant's disabling conditions of July 2003 did not render her disabled in December 2002.  Rather, the ALJ looked to the less restrictive RFC findings of a non-examining physician *who assessed the Claimant's condition after the date upon which she was deemed disabled*.  *Compare* discussion *supra* (noting ALJ's reliance on non-examining physician's "current evaluation" on Oct. 7, 2003) *with id.* (noting Administration's agreement Ms. Pampena was disabled as of July 2003).  Not only did the non-examining physician's opinions fail to shed light on the Claimant's condition in December 2002, it was facially inconsistent with the Administration's finding of disability effective July 2003.  *Compare* non-examining physician's rpt. (endorsing RFC findings consistent with light work) *with* ALJ's Decision, R. at 19 (under Grid's, Claimant's capacity for full range of light work compelled finding of non-disability).  Thus, the ALJ's reliance on the report was erroneous.

---

[1]  As Claimant's counsel explains, the ALJ's light work finding was necessary to his conclusion of non-disability.  *See* Pl.'s Br. (Doc. 9) at 5 (based on ALJ's use of the Grids, "the difference between the [C]laimant being found capable of light work and sedentary work is outcome-determinative"); *see also* ALJ's Decision, R. at 19 (reflecting same).

Otherwise, the record is devoid of medical evidence to indicate the Claimant's RFC in December 2002.  This fact, coupled with the Administration's later finding of disability, warrants a discussion of "retroactive inferences."

In Walton v. Halter, the Third Circuit Court acknowledged the "difficult[y]" that "slowly progressive impairments" may present in "[d]etermining the proper onset date" of disability. *See id.*, 243 F.3d 703, 708 (3d Cir. 2001) (citation and internal quotations omitted).  The Walton Court joined numerous others in holding that, "if the medical evidence is ambiguous and a retroactive inference is necessary," the ALJ must "call upon the services of a medical advisor to insure that the [onset] determination" has "a legitimate medical basis."  *See id.* at 709-10 (citations, internal quotations and alterations omitted); *see also id.* ("when onset [date] is ambiguous," enlistment of medical expert is "mandat[ed]").

In the instant case, it seems beyond reasoned debate that, (a) Ms. Pampena suffered a progressive impairment, and (b) the onset date of her disability was ambiguous.  *See* Dr. Hurh's Rpt., R. at 122 ("[p]rognosis appears progressive with this arthritic condition"); *see also* discussions *supra* (juxtaposing lack of medical evidence regarding Claimant's RFC before December 2002 with finding of disability in July 2003).

Under the circumstances, the ALJ was not permitted to "rely on his own lay analysis of the evidence."  *See* <u>Walton</u>, 243 F.3d at 709; *cf.* discussion *supra* (noting ALJ's attempt to justify finding of non-disability based on his assessment of Claimant's daily life activities).[2]

For the above reasons, this case should be remanded for further development of the medical record, consistent with the standards and analyses in <u>Walton</u>.  *See generally id.* (citing SSR 83-20).  And although it is for the parties to determine how best to address the retroactive inference analysis, the further opinions of Dr. Hurh would appear a logical starting point.  *See* discussion *supra* (noting Administration's reliance on Dr. Hurh in finding Claimant disabled effective July 2003).[3]

---

[2]  Even if the ALJ were permitted to make a retroactive inference based on his lay-assessment of the Claimant's daily life activities, the undersigned respectfully submits that his characterizations of Ms. Pampena's statements were less than charitable.  *Compare* discussion *supra* (noting ALJ's findings that Claimant resided alone, independently cared for personal needs, and worked on part-time basis) *with* Pl.'s daily life activities questionnaire, R. at 101-107 (claiming substantial reliance on friends and family to engage in nearly all aspects of daily life).

[3]  For the sake of remand, the undersigned also questions the ALJ's having discounted Dr. Hurh's opinions as "heavily rel[ying] on the [C]laimant's subjective complaints as opposed to . . . clinical findings."  *See* ALJ's Decision, R. at 18.  Dr. Hurh's RFC assessment followed objective findings on physical examination, and there appears no basis to conclude the doctor was merely parroting the Claimant's subjective complaints.  The physician's report, when read as a whole, instead would appear to reflect consistency between the objective findings and subjective reports of pain.  *Cf. generally* <u>Schwartz v. Halter</u>, 134 F. Supp.2d 640, 653-54 (E.D. Pa. 2001) (Administration must consider extent to which "subjective symptoms can reasonably be accepted as consistent with the objective medical evidence," and where "a claimant's subjective testimony . . . is supported by competent medical evidence," ALJ is required "to give [it] great weight") (citations omitted).

In accordance with the Magistrates Act, 28 U.S.C.
§ 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules
for Magistrates, objections to this report and recommendation are
due by March 16, 2006.  Responses to objections are due by
March 27, 2006.


February 28, 2006

Francis X. Caiazza
U.S. Magistrate Judge

cc:

Paul Kovac, Esq.
Assistant U.S. Attorney

Karl E. Osterhout, Esq.
1789 South Braddock Avenue
Suite 570
Pittsburgh, PA  15218